**Harout Greg Keosian, Esq., State Bar No.: 236352**
*Email: hgk@keosianlaw.com*
**Eileen Keusseyan, Esq., State Bar No.: 149482**
*Email: ek@keosianlaw.com*
**Zareh Jack Keosian, Esq. State Bar No.: 303278**
*Email: zjk@keosianlaw.com*
**Melkon R. Melkonian, Esq., State Bar No.: 310111**
*Email: mrm@keosianlaw.com*
**KEOSIAN LAW LLP**
4630 Van Nuys Boulevard
Sherman Oaks, California 91403
Telephone: 1-818-986-9331
Facsimile: 1-818-986-9341

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA AGHAJANIAN, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., a Delaware Corporation; CITIBANK, N.A.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**COMES NOW**, Plaintiff, Jessica Aghajanian ("Plaintiff") individually and on behalf of all similarly situated persons, and brings this class action against Citigroup, Inc. and Citibank, N.A. ("Defendants"), and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §1332(d), because this is a proposed class action in which (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a State different from Defendants; and (iii) the number of Class Members is greater than 100.

2. Defendants have sufficient minimum contacts with California and have otherwise intentionally availed themselves of the markets in California through the promotion, marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendants are subject to the Court's personal jurisdiction with respect to this action because Defendants conduct business in this judicial district; and (iii) Plaintiffs reside in this judicial district.

## PARTIES

4. Plaintiff and those similarly situated, are and at all times mentioned herein, individual citizens and residents of the United States of America, State of California.

5. Plaintiff, Jessica Aghajanian is and at all times mentioned herein, an individual residing in the City of Los Angeles, County of Los Angeles, State of California.

/ / /

6. Defendant, Citigroup, Inc. is a Delaware Corporation, headquartered in New York City.

7. Defendant, Citibank, N.A. is a national bank headquartered in New York, New York.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

9. Plaintiffs bring this action on behalf of a Class of individuals who are past, current and future customers of Defendants.

10. The Class is numerous, with each member seeking to prevent Defendants from subjecting Armenian Americans or those perceived as such to greater scrutiny than others. Some members of the Class will not be identified until after publication of notice. Accordingly, joinder is impracticable.

11. Questions of law and/or fact predominate among all members of the Class in that any legal and/or factual issues relating to the rights of Plaintiffs as individuals will be equally applicable to any and all Class members. The allegations are class-wide: Plaintiffs were denied the same basic civil rights afforded to white citizens under 42 U.S.C. §1981 and §1982; and discriminated against based on their race.

12. Plaintiffs' claims are typical of the claims of the other members of the Class because (i) they are identically situated as customers of Defendants; (ii) they are all of, or perceived to be of, Armenian origin; (iii) they all have or may be discriminated against because of their race, religion, or national origin, or perception thereof; and (iv) they are all seeking protection from the same discriminatorily subjective application of Defendants' policies, practices, or procedures.

13. Plaintiff will fairly and adequately represent the interests of the Class because: (i) she understands her duties and is willing to represent the proposed class;

(ii) she has every incentive to pursue this action to a successful conclusion; (iii) her interests are not in any way antagonistic to those of the other class members; and (iv) she has engaged qualified counsel to represent her.

14. The maintenance of a class action is superior to other available methods of adjudication in promoting the convenient administration of justice because, inter alia:

   a. the prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront Defendants with incompatible standards of conduct;
   b. the prosecution of separate actions would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;
   c. final declaratory and equitable relief is appropriate with respect to the class;
   d. the action will be manageable as a class action;
   e. in view of the complexity of the issues and the expense of litigation the separate claims of individual class members are insufficient in amount to support separate actions;
   f. it is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action; and
   g. individual class members do not have a significant interest in controlling the prosecution or defense of separate actions.

15. The Plaintiff Class is proper for certification under Federal Rules of Civil Procedure 23.

## FACTUAL ALLEGATIONS

16. Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

17. Plaintiffs are former and/or current customers of Defendants.

18. Plaintiffs are Armenian Americans, or perceived as Armenian Americans. Stated another way, Plaintiffs are Armenian Americans majority of whose last names end in "yan" or "ian".

19. Defendant Citigroup, Inc. is a multinational investment bank and financial services corporation incorporated in Delaware and headquartered in New York City.

20. Defendant, Citibank, N.A. is a national bank headquartered in New York, New York.

21. From at least 2015 to the present, Defendants intentionally discriminated against Armenian Americans when they applied for credit cards by internally profiling Armenian Americans to be more likely to commit fraud. Defendants referred to applicants as "bad guys" or affiliated with organized crime.

22. It was Defendants' pattern or practice to apply extra scrutiny to, negatively assess, and often deny certain credit card applications based on Armenian national origin.

23. On or about November 8, 2023, the Consumer Financial Protection Bureau ("CFPB") found that Defendants' employees were trained to avoid approving applications with last names ending in "yan" or "ian", the most common suffix to Armenian last names, as well applications that originated in Glendale, California, where roughly 15% of the country's Armenian American population lives. (Attached hereto as "**Exhibit A**" is a true and correct copy of the Consent Order of the CFPB of November 8, 2023 incorporated herein in its entirety by reference.)

///

24. Defendants used "yan" or "ian" identification to broadly discriminate against Armenian Americans in general.

25. Defendants singled out applications that had Armenian last names, but then concealed the real reason on why those applications were denied. Defendants determined the Plaintiff Class to be more likely to commit fraud and referred to them as "bust outs" because Defendants perceived them as likely to incur significant charges and then "bust out," meaning they would leave the country or otherwise not pay off the charges.

26. Defendants referred to these applicants as "Armenian bad guys" or the "Southern California Armenian Mafia."

27. Defendants denied new credit and/or credit line increases on existing credit cards, closed savings and/or checking accounts, closed credit card and/or lines of credit accounts, decreased and/or lowered credit card limits, decreased and/or lowered lines of credit limits, denied residential and/or commercial property mortgages and denied personal and/or business loan applications, among other discriminatory acts based on the Plaintiff Class' Armenian national origin.

28. Defendants more frequently engaged in such denials based on Armenian national origin, as compared to other similarly situated applicants. Defendants' pattern and/or practice is not explained by a legitimate, non-discriminatory reason.

29. Defendants stereotyped the Plaintiff Class as prone to crime and fraud. In reality, Defendants illegally fabricated documents to cover up its discrimination.

30. Defendants' pattern and/or practice of discrimination affected the Plaintiff Class.

31. Defendants knew it was running afoul of bank laws that prohibit discrimination against national origin, and kept any decisions off recorded phone lines or writing it down.

/ / /

# COUNT I

## VIOLATION OF 42 U.S.C. §1981

32. Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

33. 42 U.S.C. §1981 provides:

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

34. Defendants had knowledge that the Plaintiff Class is Armenian and/or Defendants perceived the Plaintiff Class and other similarly situated individuals as such.

35. Defendants received complaints and inquiries from many members of the Plaintiff Class relating to discriminatory practices in committing the acts herein alleged. Defendants knew or should have known of the disproportionate affect its actions had on members of the Plaintiff Class.

/ / /

36. Defendants' customers of Armenian national origin or perceived as of Armenian national descent are subject to greater scrutiny than non-Armenians, as demonstrated the denials hereinabove alleged and must overcome a suspicion that they are "Armenian bad guys" or members of the "Southern California Armenian Mafia."

37. Defendants' actual reason in engaging in such hereinabove alleged conduct is believed to be because the Plaintiff Class members are of Armenian national origin.

38. In other words, Defendants would not have engaged in the hereinabove alleged conduct involving denials with non-Armenians who have account histories similar to members of the Plaintiff Class. Since the findings of the CFPB incorporated herein with the Consent Order attached hereto as "Exhibit A", only members of the Plaintiff Class described and no others outside of the class have come forward with a similar complaint.

39. Defendants had an intent and/or effect to discriminate on the basis of the Plaintiff Class, and other individuals similarly situated, race, ethnicity or religious affiliation, as outline in the paragraphs above.

40. The discrimination by Defendants concerned the Plaintiff Class' activities listed in §1981, above.

41. Further, Defendants had a duty to conduct its business in a fair and equal manner, regardless of national origin, ethnicity, or religion. Defendants failed to conduct its business in a fair and equal manner which prejudiced the Plaintiff Class who are a protected class under the federal discrimination rules and practices.

42. Defendants infringed upon the Plaintiff Class' rights under 42 U.S.C. 1981.

/ / /

/ / /

8
CLASS ACTION COMPLAINT

WHEREFORE, Plaintiff JESSICA AGHAJANIAN respectfully requests, on behalf of herself and the members of the Class as defined herein, the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

B. Money damages in whatever amount in excess of $75,000.00 Plaintiff JESSICA AGHAJANIAN and other Class members are found to be entitled;

C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

D. Pre and post-judgment interest;

E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts or decreasing the limits of Plaintiff JESSICA AGHAJANIAN and other Class members for discriminatory reasons;

F. An amount of exemplary and punitive damages that the Court deems proper; and

G. Such other and further relief as this Court may deem necessary or appropriate.

## COUNT II
## VIOLATION OF 42 U.S.C. 1982

43. Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

44. 42 U.S.C. §1981 provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

45. Defendants had knowledge that the Plaintiff Class is Armenian and/or Defendants perceived the Plaintiff Class and other similarly situated individuals as such.

46. Defendants received complaints and inquiries from many members of

the Plaintiff Class relating to discriminatory practices in committing the acts herein alleged. Defendants knew or should have known of the disproportionate affect its actions had on members of the Plaintiff Class.

47. Defendants' customers of Armenian national origin or perceived as of Armenian national descent are subject to greater scrutiny than non-Armenians, as demonstrated the denials hereinabove alleged and must overcome a suspicion that they are "Armenian bad guys" or members of the "Southern California Armenian Mafia."

48. Defendants' actual reason in engaging in such hereinabove alleged conduct is believed to be because the Plaintiff Class members are of Armenian national origin.

49. In other words, Defendants would not have engaged in the hereinabove alleged conduct involving denials with non-Armenians who have account histories similar to members of the Plaintiff Class. Since the findings of the CFPB incorporated herein with the Consent Order attached hereto as "Exhibit A", only members of the Plaintiff Class described and no others outside of the class have come forward with a similar complaint.

50. Defendants had an intent and/or effect to discriminate on the basis of the Plaintiff Class, and other individuals similarly situated, race, ethnicity or religious affiliation, as outline in the paragraphs above.

51. The discrimination by Defendants concerned the Plaintiff Class' activities listed in §1981, above.

52. Further, Defendants had a duty to conduct its business in a fair and equal manner, regardless of national origin, ethnicity, or religion. Defendants failed to conduct its business in a fair and equal manner which prejudiced the Plaintiff Class who are a protected class under the federal discrimination rules and practices.

53. Defendants infringed upon the Plaintiff Class' rights under 42 U.S.C. 1982.

WHEREFORE, Plaintiff JESSICA AGHAJANIAN respectfully requests, on behalf of herself and the members of the Class as defined herein, the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);
B. Money damages in whatever amount in excess of $75,000.00 Plaintiff JESSICA AGHAJANIAN and other Class members are found to be entitled;
C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;
D. Pre and post-judgment interest;
E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts or decreasing the limits of Plaintiff JESSICA AGHAJANIAN and other Class members for discriminatory reasons;
F. An amount of exemplary and punitive damages that the Court deems proper; and
G. Such other and further relief as this Court may deem necessary or appropriate.

### DEMAND FOR JURY

Plaintiffs hereby request a trial by jury on all counts pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: November 11, 2023   **KEOSIAN LAW LLP**

By: */s/ Harout Greg Keosian*
**Harout Greg Keosian, Esq.**
**Eileen Keusseyan, Esq.**
**Zareh Jack Keosian, Esq.**
**Melkon R. Melkonian, Esq.**
Attorneys for Plaintiffs