UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09539-MWF (Ex)        **Date:** February 27, 2025
**Title:** Jessica Aghajanian v. Citigroup, Inc. et al.

---

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**    **AMENDED** ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [22]

     Before the Court is a Motion to Compel Arbitration (the "Motion") filed by Defendant Citibank, N.A. ("Citibank") on May 20, 2024. (Docket No. 22). Plaintiff filed an Opposition on June 10, 2024. (Docket No. 25). Pursuant to this Court's Order regarding *Marine Grigorian v. Citibank, N.A.*, CV 23-09519-MWF (Ex), and its related cases (the "Prior Order") (Docket No. 20), no Reply brief was filed.

     The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

     The Motion is **GRANTED**. Defendant has put forward sufficient evidence that the Card Agreement governs Plaintiff's account, the *McGill* rule does not apply, and the Card Agreement is not unconscionable.

## I.    BACKGROUND

     The Court recounts only those facts necessary for resolution of the Motion. Plaintiff commenced this putative class action on November 11, 2023. (Docket No. 1). Plaintiff alleges that she is an Armenian American whom Defendants Citigroup, Inc. and Citibank, N.A. intentionally discriminated against based on her status as an Armenian American. (*Id.* ¶¶ 18-31). (Plaintiff dismissed Citigroup, Inc. from this matter on June 20, 2024. (Docket No. 26).) Plaintiff alleges that Defendants had a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09539-MWF (Ex)          **Date:** February 27, 2025
**Title:** Jessica Aghajanian v. Citigroup, Inc. et al.

"pattern or practice" of "apply[ing] extra scrutiny to, negatively assess[ing], and often deny[ing] certain credit card applications based on Armenian national origin." (*Id.* ¶ 22). Plaintiff cites a consent order from November 8, 2023, in which the Consumer Financial Protection Bureau found that Citibank "employees were trained to avoid approving applications with last names ending in 'yan' or 'ian', the most common suffix to Armenian last names, as well applications that originated in Glendale, California, where roughly 15% of the country's Armenian American population lives." (*Id.* ¶ 23).

      Although Plaintiff does not with specificity allege her relationship with Citibank, Defendant notes in the Motion that "[o]n or about June 2, 2022, a The Home Depot credit card account . . . was issued to Plaintiff." (Motion at 6). The terms of that credit card account were reflected in the Card Agreement. (*Id.*). The Card Agreement contains an arbitration provision. (*Id.*). The arbitration provision reads as follows:

> **ARBITRATION**
> *PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.*
> THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW.
> **Covered claims**
> • *You or we may arbitrate* any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").
> • **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**
> Except as stated below, all Claims are subject to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-09539-MWF (Ex)                          Date:  February 27, 2025
Title:  Jessica Aghajanian v. Citigroup, Inc. et al.

> arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company.

(Declaration of Andrew Grayot (Docket No. 22-1) ¶ 6).  The arbitration provision also provided that Plaintiff could opt out of the arbitration provision by sending a written rejection notice to Citibank by mail.  (*Id.* ¶ 7).

Based on the allegations in the Complaint, Plaintiff brings two claims for relief for violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1982.

Citibank now seeks to compel arbitration in accordance with the arbitration provision.  In her Opposition, Plaintiff argues that the arbitration provision is unenforceable because (1) Plaintiff disputes that she received the Card Agreement containing the arbitration provision and Citibank has not produced sufficient evidence that the Card Agreement that was delivered to her (Opposition at 2-3); and (2) the "arbitration agreement is also procedurally and substantively unconscionable" (Opposition at 3-4).

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires the district courts to compel arbitration on all claims subject to arbitration agreements.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-09539-MWF (Ex)**                      **Date:  February 27, 2025**
**Title:  Jessica Aghajanian v. Citigroup, Inc. et al.**

direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (citing 9 U.S.C. §§ 3, 4)).  The FAA creates a general presumption in favor of arbitration and requires the enforcement of a written agreement to arbitrate.  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–25 (1991).  A court must interpret arbitration provisions liberally, resolving doubts in favor of arbitration.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Under the FAA, a party moving to compel arbitration must show two things: "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue."  *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).  The party seeking arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence.  *Norcia v. Samsung Telecoms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017).  Because the FAA favors arbitration, the burden is on the plaintiff to prove that the arbitration agreement is, in fact, not enforceable.  *See Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) ("[T]hose parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable.").

### III.    DISCUSSION

Citibank moves to compel arbitration and to stay this action pending arbitration.  Citibank argues that the arbitration provision is valid and covers the dispute between the parties.  (Motion at 7-10).

In her Opposition, Plaintiff attempts to argue that Citibank has not proven that Plaintiff ever received the Card Agreement that contains the arbitration provision, thereby disputing that the parties ever entered into the Card Agreement.  (Opposition at 2-3).  Plaintiff faults Citibank for providing only an "exemplar" of the Card Agreement that Plaintiff would have received, and no other evidentiary support (which would presumably be the specific Card Agreement Plaintiff was sent).  (*Id.* at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09539-MWF (Ex)            **Date:** February 27, 2025
**Title:** Jessica Aghajanian v. Citigroup, Inc. et al.

    This argument is unpersuasive. Courts in this Circuit have often used exemplars as evidence of what a plaintiff would have received, and this approach has been routinely utilized with credit card agreements specifically. *See, e.g.*, *In re Midland Credit Mgmt. Inc. Tel. Consumer Prot. Litig.*, No. 11md2286-MMA (MDD), 2019 WL 398169, at *4 (S.D. Cal. Jan. 31, 2019) ("Sample credit card agreements or exemplars of what a defendant normally gives to its customers is evidence of the written contract the plaintiff received."); *Hadlock v. Norwegian Cruise Line, Ltd.*, No. SACV 10-00187-AG (ANx), 2010 WL 1641275, at *1 (C.D. Cal. Apr. 19, 2010) ("An exemplar of what Defendant normally gives to customers is evidence of what Plaintiff received."); *Coppock v. Citigroup, Inc.*, No. C11-1984-JCC, 2013 WL 1192632, at *4 (W.D. Wash. Mar. 22, 2013) (accepting exemplar where the plaintiff did not put forward evidence that the agreement did not cover her account).

    Here, Plaintiff has put forward no evidence that the Card Agreement ***does not*** govern her account—the only evidence produced by either party is the exemplar provided by Citibank. Because Citibank need only prove the existence of an agreement to arbitrate by a preponderance of the evidence, it has prevailed on its burden. *Norcia*, 845 F.3d at 1283.

    Plaintiff's second argument is that "the *McGill* rule, as established in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), prohibits arbitration agreements that waive the right to seek public injunctive relief." (Opposition at 3 (italics added)). Because the arbitration provision here apparently prohibits Plaintiff from seeking injunctive relief in court, Plaintiff argues that the *McGill* rule renders it unenforceable. But as the Court noted in the Prior Order, a similarly situated plaintiff in the related case *Grigorian v. Citibank, N.A.*, 23-09519-MWF (Ex), made the same argument, which the Court found unpersuasive. The Court determined that the plaintiff's complaint sought private—not public—injunctive relief and the arbitration agreement was therefore not enforceable regardless of the *McGill* rule. (*See* Prior Order at 2). Plaintiff here does not explain why the Complaint alleges any entitlement to injunctive relief that would cause this matter to fall under the *McGill* rule any more than *Grigorian* did.

---

                        **CIVIL MINUTES—GENERAL**                     5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-09539-MWF (Ex) | Date:  February 27, 2025 |
| Title:  Jessica Aghajanian v. Citigroup, Inc. et al. | |

Finally, Plaintiff argues that the "arbitration agreement is procedurally and substantive unconscionable." (Opposition at 3-4). Plaintiff asserts that the arbitration provision was procedurally unconscionable because it was "presented as a non-negotiable part of the credit card contract, buried in fine print and complex legal language, without a meaningful opportunity to opt out." Plaintiff does not acknowledge that the arbitration provision included an opt-out option. Courts in this Circuit have repeatedly found that opt-out procedures like the one here weigh against a finding of unconscionability. *See, e.g.*, *Quiroz v. Cavalry SPV I, LLC*, 217 F. Supp. 3d 1130, 1138 (C.D. Cal. 2016) (finding a credit card agreement with arbitration clause not unconscionable largely due to opt-out procedure).

Plaintiff is, however, correct to the extent that the remainder of her argument is that the Card Agreement is a contract of adhesion. That is undeniable, and it creates a least a low degree of procedural unconscionability. "A 'contract of adhesion' is a 'standardized contract [that is] imposed and drafted by the party of superior bargaining strength' and gives 'the subscribing party only the opportunity to adhere to the contract or reject it.'" *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1090 (9th Cir. 2024) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113, 99 Cal. Rptr. 2d 745 (2000)). Contracts of adhesion are inherently "procedurally unconscionable to at least some degree." *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010). However, Plaintiff points to no facts indicating that the arbitration provision is, procedurally speaking, anything more than a run-of-the-mill contract of adhesion, and the Court therefore finds that the degree of procedural unconscionability is low.

"[U]nconscionability works on a sliding scale: the greater the procedural unconscionability, the less substantive unconscionability is required to make the contract unenforceable, and vice versa." *Pappas v. AMN Healthcare Servs.*, No. 24-cv-01426-JST, 2025 WL 50440, at *9 (N.D. Cal. Jan. 8, 2025) (quoting *Fisher v. MoneyGram Int'l, Inc.*, 66 Cal. App. 5th 1084, 1107, 281 Cal. Rptr. 3d 771 (2021)). Therefore, to prevail on her claim that the arbitration provision is unconscionable, Plaintiff must demonstrate a high degree of substantive unconscionability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09539-MWF (Ex)                  **Date:** February 27, 2025
**Title:** Jessica Aghajanian v. Citigroup, Inc. et al.

Plaintiff states that the arbitration provision is substantively unconscionable because "the terms . . . heavily favor Citibank, particularly the restrictions on class actions and public injunctive relief, which prevent Plaintiffs from effectively challenging systemic discrimination." (Opposition at 4). Recent Ninth Circuit precedent forecloses that argument. In *Keebaugh v. Warner Brothers Entertainment Inc.*, 100 F.4th 1005 (9th Cir. 2024), the Ninth Circuit directly addressed whether an arbitration agreement containing a waiver of the rights to seek public injunctive relief and to pursue a class action was rendered unconscionable by the inclusion of those provisions.

The Ninth Circuit cited an earlier case, *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1264 (9th Cir. 2017), for its finding that, other than California Private Attorneys General Act actions, "*Concepcion* weigh[ed] sharply against holding that the waiver of other representative, collective or class action claims, as provided [by the arbitration agreement], is unconscionable." *Keebaugh*, 100 F.4th at 1023 (quoting *Poublon*, 846 F.3d at 1264). And even though the *McGill* rule renders unenforceable those portions of arbitration agreements which purport to foreclose the availability of public injunctive relief, "the unenforceability of the waiver of one's right to seek public injunctive relief does not make either this provision or by extension the arbitration agreement unconscionable or otherwise unenforceable." *Id.*

For these reasons, the Court finds that the arbitration agreement features a low degree of procedural unconscionability and no substantive unconscionability. The arbitration agreement is therefore enforceable.

Plaintiff is **ORDERED** to submit her claims to arbitration as provided by the Arbitration Provision. *See* 9 U.S.C. § 4. This action is **STAYED** pending the arbitration proceedings. *See MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (stating that the Ninth Circuit's preference is for district courts to "stay[ ] an action pending arbitration rather than dismissing it"). The parties shall file a joint status report every 90 days, or within ten days of an award of arbitrator or other resolution, whichever occurs first, apprising the Court of the status of the arbitration proceedings, with the first report due on **May 26, 2025**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09539-MWF (Ex)            **Date:** February 27, 2025
Title: Jessica Aghajanian v. Citigroup, Inc. et al.

The Clerk of Court shall administratively close this action.

IT IS SO ORDERED.