Kalama M. Lui-Kwan (SBN 242121)
kalama.lui-kwan@troutman.com
Jacob Kozaczuk (SBN 294734)
jacob.kozaczuk@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
Three Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 477-5700
Facsimile: (415) 477-5710

Attorneys for Defendant
CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA AGHAJANIAN, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC., a Delaware corporation; CITIBANK, N.A.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09539-MWF-E<br><br>**RESPONSE TO PLAINTIFFS' "REQUEST FOR CLARIFICATION AND STATUS CONFERENCE"**<br><br>Complaint Filed:  November 11, 2023<br>Trial Date:         None Set |

Defendant Citibank, N.A. ("Citibank"), through its undersigned counsel, respectfully requests that Plaintiffs' "Request for Clarification and Status Conference" be summarily denied or a briefing schedule be set to address the issues raised therein.[1]

---

[1] Plaintiffs' counsel together with counsel in other litigation (collectively "Filing Counsel") filed the identical "Request" in multiple cases but the "Request" does not comply with the requirements of L.R. 7-3 through 7-8, and Plaintiffs did not file the "Request" as an *ex parte* application pursuant to L.R. 7-19 or this Court's own requirements.  As a result, Citibank has no clear response obligation or deadline, and the "Request" should be summarily dismissed.  While Citibank welcomes the opportunity for more fulsome briefing, it files this short response to clarify Filing Counsel's misstatements.

- 1 -
RESPONSE TO PLAINTIFFS' "REQUEST FOR CLARIFICATION AND STATUS CONFERENCE"

320935462V1

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

In addition to having no procedural basis whatsoever, Filing Counsel's baseless request relies on two assertions that are simply not true. First, contrary to Filing Counsel's statements, the AAA expressly has **not** decided that their clients' claims "must proceed under its Mass Arbitration Rules…" and "Citibank is now attempting to override AAA's authority and unilaterally dictate the rules." (Request at 5.) Second, Filing Counsel's contentions that they attempted to resolve these issues with Citibank and the AAA are plainly false. (Request at 2.)

As reflected in a letter from the AAA (see Ex. A hereto), the AAA rejected filings by one of Filing Counsel because it combined two or more parties' claims, which is prohibited by the parties' arbitration agreement. Filing Counsel then worked ex parte with the AAA to file their claims as mass arbitrations and refused to copy Citibank's counsel on their communications. For over four weeks, Filing Counsel refused Citibank's counsel's repeated requests that Filing Counsel copy them on correspondence or identify their AAA point of contact. (See Ex. B.) Finally, on September 25, 2025, Filing Counsel identified their point of contact at the AAA. (See Ex. B.) On September 29, 2025, one of Citibank's counsel emailed that individual (copying Filing Counsel) noting Citibank's objection to Filing Counsel's attempt to pursue mass arbitration. (See Ex. C.)

On October 1, 2025, the AAA responded acknowledging the objection and stating:

Good Morning,

Thank you for your emails.

Although Claimants have submitted Demands to the AAA, this confirms the Claimants have not yet met the AAA's filing requirements for the below-referenced cases. Accordingly, no determination regarding the applicable Rules has yet been made.

We are working with the Claimants' counsel to obtain the filing documents. Upon AAA's confirmation that the Claimants' filing requirements are met, we will proceed to request the appropriate administrative fees, and a preliminary Rules determination will be communicated at that time.

Thank you,
Rachel Jacobsen



**AAA Rachel Jacobsen**
Manager of ADR Services
American Arbitration Association

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

- 2 -
RESPONSE TO PLAINTIFFS' "REQUEST FOR CLARIFICATION AND STATUS CONFERENCE"

320935462V1

The very next day, Filing Counsel submitted their "Request" misrepresenting that the AAA already determined that the Mass Arbitration Rules should apply[2] and that Citibank was attempting to "override" that determination and asking the Court to compel the application of the Mass Arbitration Rules. That is improper.

Respectfully, the question of which AAA rules apply must be resolved in the first instance by the AAA. The applicable arbitration agreements provide that the AAA rules apply to the extent not contradicted by the arbitration agreement. (See Ex. D (exemplar agreement)). The AAA rules allow AAA to make initial rule determinations and sets forth a process to object to the application of any rules. (See, e.g., AAA Consumer Arbitration Rules R-1(d), AAA Mass Arbitration Supplemental Rules MA-1(f)).

As the above AAA email makes clear, the AAA has not yet made that determination. Accordingly, Citibank respectfully submits that Filing Counsel's "Request" should be denied.[3]

Dated:    October 9, 2025

TROUTMAN PEPPER LOCKE LLP

By:  */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan
Jacob Kozaczuk

Attorneys for Defendant
CITIBANK, N.A.

---

[2] Filing Counsel made no effort to resolve this issue with Citibank or the AAA. Filing Counsel's failure to confer with Citibank also violates the requirements of L.R. 7-3 and 7-19 that parties confer prior to filing a motion or *ex parte* application.

[3] If Filing Counsel's "Request" is not summarily denied, Citibank requests a briefing schedule to substantively respond to each issue raised therein. Citibank is nevertheless compelled now to respond to Filing Counsel's *ad hominem* attack. Citibank's position is not harmful to consumers or advanced for any improper reason. The parties' agreement prohibits the combination of any two consumer claims, and Citibank must make efforts to enforce the agreement as written to avoid claims of waiver. Moreover, pursuing individual claims is not the insurmountable problem Filing Counsel pretends it to be. Other firms – who have demonstrated at least some relationship and communication with their clients – have filed multiple individual actions advancing similar theories in the AAA. These firms are advancing their client's claims while complying with the parties' arbitration agreement, proving contractual compliance is possible.

RESPONSE TO PLAINTIFFS' "REQUEST FOR CLARIFICATION AND STATUS CONFERENCE"

320935462V1

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111